Myron E. HIRSCHMAN and Kristie F. Hirschman, Plaintiffs,

v.

STATE FARM LIFE AND CASUALTY COMPANY, Defendant.

Civ. No. 88–1678–A.

United States District Court, S.D. Iowa, C.D.

Jan. 26, 1990.

**656**

Frederick Anderson of LaMarca, Marcucci, Wiggins, and Anderson, West Des Moines, Iowa, for plaintiffs.

John Werner of Grefe and Sidney, Des Moines, Iowa, for defendant.

### ORDER

WOLLE, District Judge.

Before the court for ruling is defendant's resisted motion for summary judgment. The court heard arguments on November 2, 1989, then gave the parties additional time in which to supplement their arguments. The matter is now deemed submitted for ruling.

Summary judgment is properly granted when there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Once the movant has demonstrated in a part of the record that no genuine factual dispute stands in the way of a judgment entry, the burden shifts to the resisting party to present specific admissible evidence showing a genuine dispute on that issue, precluding judgment. *City of Mount Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 271–72 (8th Cir. 1988). The court has reviewed this summary judgment record in a light most favorable to plaintiffs and concludes no genuine issue of material fact remains for trial. Defendant is entitled to summary judgment in its favor, with plaintiffs' complaint dismissed at plaintiffs' cost.

The parties agree plaintiffs' combine became disabled when its final drive broke, causing one of its tires to be loosened from its axle. The combine came to a stop on top of its right front tire, with the other three wheels still in contact with the roadway. Plaintiffs contend they are entitled to recover the resulting loss sustained by reason of this incident, in accordance with the language of the Farm Master Policy Agreement issued to plaintiffs by the defendant insurer. They contend the damage to the combine was a direct loss "caused by collision with another object or by upset or overturn," and they argue in the alternative they have a right to recover under the theory of reasonable expectations. Defendant responds that the circumstances bringing about the plaintiffs' loss cannot fairly be deemed a collision, an upset, or an overturn within the language of the policy. Defendant also relies on the policy exclusion of loss caused by "wear, tear, marring, deterioration, inherent vice, latent defect and mechanical breakdown." The policy also excludes damage caused "by contact of the farm machinery ... with the roadbed or ground except as a result of upset or overturn."

Iowa law governs interpretation of the policy and application of the doctrine of reasonable expectations. Interpretation of language in an insurance policy is initially the province of the court. *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d

104, 107–08 (Iowa 1981). The policy language must be given its ordinary meaning to achieve a practical and fair interpretation. *North Star Mut. Ins. Co. v. Holty,* 402 N.W.2d 452, 454 (Iowa 1987).

The language provided in defendant's farm policy cannot reasonably be stretched to cover the damage sustained in this incident. In everyday parlance, a "collision" is the impact of two separate objects. A single object, like the combine here, cannot collide with itself. An "upset or overturn" normally requires that the overturned object be turned over—capsized. Plaintiffs have provided no dictionary definitions that would allow the words, phrases, or overall language of this policy to cover the unfortunate incident involving plaintiffs' combine. Conversely, the incident falls squarely within the exclusion for mechanical breakdowns.

Finally, plaintiffs have generated no genuine issue of material fact on the question whether they had a reasonable expectation of coverage. No one told the plaintiffs this type incident would be covered. Moreover, in *Farm Bureau Mut. Ins. Co. v. Sandbulte,* 302 N.W.2d at 112–13, the Iowa Supreme Court held that the doctrine of reasonable expectations does not apply when "an ordinary layman would not misunderstand the policy's coverage as to this occurrence, and ... no circumstances attributable to the insurer ... would foster coverage expectations." The ordinary person reading the policy defendant issued to plaintiffs would not misunderstand either the policy coverage or exclusionary language.

Defendant's motion for summary judgment is granted. The clerk shall enter judgment for defendant and against plaintiffs, at plaintiffs' cost.

IT IS SO ORDERED.